UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BOREHEAD, LLC, | Case No. 17-CV-5269 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| ELLINGSON DRAINAGE, INC., d/b/a Ellingson Companies; QUICKCONNECT LLC, | |
| Defendants. | |

Jonathan D. Carpenter, J. Derek Vandenburgh, and Timothy A. Lindquist, CARLSON, CASPERS, VANDENBURGH, LINDQUIST & SCHUMAN, P.A., for plaintiff.

Shawn M. Perry, PERRY & PERRY, PLLP, for defendants.

Plaintiff Borehead, LLC ("Borehead") is the owner of U.S. Patent No. 9,719,611 entitled "Underground Pipe Pulling Process and Pipe Pull Head." Borehead brings this patent-infringement action against defendants Ellingson Drainage, Inc., and QuickConnect LLC (collectively "Ellingson"). This matter is before the Court on Ellingson's motion to dismiss Borehead's complaint. The Court conducted a hearing on the motion on May 23, 2018. For the reasons stated on the record at the hearing and briefly summarized below, the motion is denied.

Claim 1 of the '611 patent is a method claim directed toward the process of pulling a pipe underground beneath an obstacle (such as a river or a road). The claimed

method calls for attaching an adaptor to the end of the pipe before the pipe is placed underground. This is in contrast to the conventional method, under which the adaptor is not attached until after the pipe has been pulled into place underneath the obstacle. Attaching the adaptor after the pipe is already in place can be a lengthy and dangerous process, as it is typically done within a trench or bell hole.

Ellingson moves to dismiss the complaint, arguing that Claim 1 is drawn to an abstract idea that is not patent eligible under 35 U.S.C. § 101. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). To determine whether a claim is drawn to an unpatentable abstract idea, a court engages in a two-part inquiry. First, the court must determine whether the claim is directed to an abstract concept. *Id.* at 2355. If it is, then the court looks carefully at the claim to determine "whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78 (2012)). This second step involves "a search for an '"inventive concept"'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (quoting *Mayo*, 566 U.S. at 72-73).

As the Court explained at oral argument, neither of these inquiries indicate that Claim 1 of the '611 patent is drawn to an unpatentable abstract concept. First, the

patent is not drawn to an abstraction, but to a concrete task—specifically, the task of pulling a pipe underground beneath an obstacle. The claim requires specific physical tasks to be performed using specific tangible items in a specific order. This is nothing like the claims in *Alice*, which were directed at the abstract idea of using a third party intermediary to mitigate settlement risk. *Id.* at 2356. Not surprisingly, Ellingson had difficulty articulating the abstract concept to which Claim 1 is supposedly drawn.

Even if Claim 1 could be considered to be directed at an abstract concept, it nevertheless incorporates the inventive idea of rearranging the conventional steps of moving pipe underground beneath an obstacle in a non-conventional way in order to make the process easier and safer. *See Diamond v. Diehr*, 450 U.S. 175, 188 (1981) ("[A] new combination of steps in a process may be patentable even though all the constituents of the combination were well known and in common use before the combination was made."). Although the idea of attaching the adaptor before placing the pipe underground may seem obvious to a layperson, the allegations in the complaint suggest that Ellingson never used this method until it learned of it from Borehead. It may well be that, at a later stage in the proceedings, Ellingson will succeed in showing that Claim 1 is invalid under 35 U.S.C. §§ 102 or 103. But at this stage of the proceedings, the Court finds that Claim 1 meets the criteria for patent eligibility under 35 U.S.C. § 101.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendants' motion to dismiss [ECF No. 10] is DENIED.

Dated:  May 23, 2018	 s/Patrick J. Schiltz
	Patrick J. Schiltz
	United States District Judge